IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AEU HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DAVID DENNETT-SMITH and <br> RYED INVESTMENTS, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action File No.: 16-cv-01109-CC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

Plaintiff AEU Holdings, LLC, ("Plaintiff") by and through the undersigned counsel, hereby answers the Counterclaim of Defendant David Dennett-Smith as follows:

1.  Plaintiff admits that it is subject to the jurisdiction of this Court and denies the other allegations contained in paragraph 1 of the Counterclaim.

2.  Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Counterclaim.

3.  Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of the Counterclaim.

4.  Plaintiff admits the allegations contained in paragraph 4 of the Counterclaim.

1

5. Plaintiff denies the allegations contained in paragraph 5 of the Counterclaim.

6. Plaintiff hired Defendant to run AEU Benefits and otherwise denies the allegations contained in paragraph 6 of the Counterclaim.

7. Plaintiff denies the allegations contained in paragraph 7 of the Counterclaim.

8. Plaintiff denies the allegations contained in paragraph 8 of the Counterclaim.

9. Plaintiff denies the allegations contained in paragraph 9 of the Counterclaim.

10. Plaintiff denies the allegations contained in paragraph 10 of the Counterclaim.

11. Plaintiff denies the allegations contained in paragraph 11 of the Counterclaim.

12. Plaintiff admits paying Defendant $10,000 per month from January 2015 through May 2016 and otherwise denies the remaining allegations contained in paragraph 12 of the Counterclaim.

13. Plaintiff admits that it lent Defendant a sum of money as described in the Amended Complaint, which created a lien on the Property and denies the remaining allegations contained in paragraph 13 of the Counterclaim.

14. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the Counterclaim.

15. Plaintiff denies the allegations contained in paragraph 15 of the Counterclaim and states that W-2 forms are issued after year-end.

16. Plaintiff denies the allegations contained in paragraph 16 of the Counterclaim.

17. Plaintiff admits that it placed Defendant on paid administrative leave and subsequently terminated Defendant and denies the remaining allegations contained in paragraph 17 of the Counterclaim.

18. Plaintiff denies the allegations contained in paragraph 18 of the Counterclaim.

19. Plaintiff denies the allegations contained in paragraph 19 of the Counterclaim.

20. Plaintiff denies the allegations contained in paragraph 20 of the Counterclaim.

21. Plaintiff acquired certain assets from AISM via an asset and purchase agreement, not a merger, including debt owed from Defendant to AISM. Plaintiff further denies the remaining allegations contained in paragraph 21 of the Counterclaim.

AFDOCS/13557669.2

22.     Plaintiff admits that it classified Defendant as an independent contractor and denies the remaining allegations contained in paragraph 22 of the Counterclaim.

## COUNT ONE
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

23.     Plaintiff reincorporates by reference its responses to paragraphs 1 through 22 as its response to paragraph 23 of the Counterclaim all as if fully set forth verbatim herein.

24.     Plaintiff denies the allegations contained in paragraph 24 of the Counterclaim.

25.     Plaintiff denies the allegations contained in paragraph 25 of the Counterclaim.

26.     Plaintiff denies the allegations contained in paragraph 26 of the Counterclaim.

27.     Plaintiff denies the allegations contained in paragraph 27 of the Counterclaim.

28.     Plaintiff acquired certain assets from AISM through an asset purchase agreement, not a merger, and admits that it seeks payment of monies loaned from AISM to Defendant as alleged in the Amended Complaint. Plaintiff denies the remaining allegations contained in paragraph 28 of the Counterclaim.

29. Plaintiff denies the allegations contained in paragraph 29 of the Counterclaim.

## COUNT TWO
## UNLAWFUL RETALIATION IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT

30. Plaintiff reincorporates by reference its responses to paragraphs 1 through 22 as its response to paragraph 30 of the Counterclaim all as if fully set forth verbatim herein.

31. Plaintiff denies the allegations contained in paragraph 31 of the Counterclaim.

32. Plaintiff denies the allegations contained in paragraph 32 of the Counterclaim.

33. Plaintiff denies the allegations contained in paragraph 33 of the Counterclaim.

34. Plaintiff denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 of the Counterclaim.

35. Plaintiff denies the allegations contained in paragraph 35 of the Counterclaim.

36. Plaintiff denies knowledge or information sufficient to form a belief as to allegations regarding Defendant's emotional distress and denies the remaining allegations contained in paragraph 36 of the Counterclaim.

37. Plaintiff denies the allegations in paragraph 37 of the Counterclaim.

## COUNT THREE
## RECOVERY OF EMPLOYEE EXPENSES

38. Plaintiff reincorporates by reference its responses to paragraphs 1 through 22 as its response to paragraph 38 of the Counterclaim all as if fully set forth verbatim herein.

39. Plaintiff denies the allegations contained in paragraph 39 of the Counterclaim.

40. Plaintiff denies the allegations contained in paragraph 40 of the Counterclaim.

## COUNT FOUR
## RECOVERY OF RENT AND ORDINARY BUSINESS EXPENSES OWING UNJUST ENRICHMENT

41. Plaintiff reincorporates by reference its responses to paragraphs 1 through 22 as its response to paragraph 41 of the Counterclaim all as if fully set forth verbatim herein.

42. Plaintiff denies the allegations contained in paragraph 42 of the Counterclaim.

43. Plaintiff denies the allegations contained in paragraph 43 of the Counterclaim.

44. Plaintiff denies the allegations contained in paragraph 44 of the Counterclaim.

AFDOCS/13557669.2

45. Plaintiff denies the allegations contained in paragraph 45 of the Counterclaim.

## COUNT FIVE
## RECOVERY OF RENT AND ORDINARY BUSINESS EXPENSES OWING QUANTUM MERUIT

46. Plaintiff reincorporates by reference its responses to paragraphs 1 through 22 as its response to paragraph 46 of the Counterclaim all as if fully set forth verbatim herein.

47. Plaintiff denies the allegations contained in paragraph 47 of the Counterclaim.

48. Plaintiff denies the allegations contained in paragraph 48 of the Counterclaim.

49. Plaintiff denies the allegations contained in paragraph 49 of the Counterclaim.

50. Plaintiff denies the allegations contained in paragraph 50 of the Counterclaim.

## COUNT SIX
## RECOVERY OF CONSEQUENTIAL DAMAGES FOR PLAINTIFF'S FAILURE TO PROVIDE DEFENDANT WITH W-2S

51. Plaintiff reincorporates by reference its responses to paragraphs 1 through 22 as its response to paragraph 51 of the Counterclaim all as if fully set forth verbatim herein.

52. Plaintiff denies knowledge or information sufficient to form a belief as to allegations regarding Defendant's allegations regarding his uninsured motorist carrier and denies the remaining allegations contained in paragraph 52 of the Counterclaim.

53. Plaintiff denies knowledge or information sufficient to form a belief as to allegations regarding Defendant's financing efforts on his home and denies the remaining allegations contained in paragraph 53 of the Counterclaim.

## COUNT SEVEN
## ATTORNEY'S FEES, COSTS AND EXPENSES

54. Plaintiff reincorporates by reference its responses to paragraphs 1 through 22 as its response to paragraph 54 of the Counterclaim all as if fully set forth verbatim herein.

55. Plaintiff refers the Court to the express terms of the FLSA and O.C.G.A. § 13-6-11 for their contents and effect and denies the remaining allegations contained in paragraph 55 of the Counterclaim.

## COUNT EIGHT
## PUNITIVE DAMAGES

56. Plaintiff reincorporates by reference its responses to paragraphs 1 through 22 as its response to paragraph 56 of the Counterclaim all as if fully set forth verbatim herein.

57. Plaintiff refers the Court to O.C.G.A. 51-12-5.1 for its content and effect and denies the remaining allegations in paragraph 57 of the Counterclaim.

## COUNT NINE
## OTHER DAMAGES

58. Plaintiff reincorporates by reference its responses to paragraphs 1 through 22 as its response to paragraph 58 of the Counterclaim all as if fully set forth verbatim herein.

59. Plaintiff denies the allegations contained in paragraph 59 of the Counterclaim.

### FIRST AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred, in whole or in part, by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim is barred, in whole or in part, as Defendant seeks an award of punitive damages. The statutes allegedly authorizing punitive damages are unconstitutional on their face and as applied, and any award of punitive damages against Plaintiff in this action would be unconstitutional.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

Dated: July 22, 2016
      Atlanta, Georgia

                              DREW, ECKL & FARNHAM, LLP


                              By: <u>s/Brian T. Moore</u>
                                   Brian T. Moore
                                   Georgia Bar No. 518505
                                   Vivian B. Fisher
                                   Georgia Bar No. 529740

                                *Attorneys for AEU Holdings, LLC*

Post Office Box 7600
Atlanta, Georgia 30357-0600
T: (404) 885-1400
F: (404) 876-0992
E: bmoore@deflaw.com
E: vfisher@deflaw.com

AFDOCS/13557669.2